UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

REGINA EKPENYONG,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## COMPLAINT

Regina Ekpenyong (Plaintiff) sues Carnival Corporation (Defendant) and states at all material times:

1. This Court has diversity subject matter jurisdiction over this case because Plaintiff is a Texas citizen, Defendant is a Florida citizen and more than $75,000 is in controversy.

2. Miami-Dade County is a proper venue for this case because Defendant is headquartered in Miami-Dade County and the parties agreed to litigate this case in Miami-Dade County.

3. This Court is a proper forum for this case because it has personal jurisdiction over the parties, subject matter jurisdiction over the claims in this lawsuit, and is located in Miami-Dade County.

4. Plaintiff satisfied all conditions precedent or they are waived.

5. Defendant knows that liquids regularly wind up on the decks of its ships in places where they present a danger to folks aboard Defendant's ships.

6. Defendant knows the decks on its ships are not reasonably slip-resistant to guard against liquids on the deck.

7. Defendant knows the slippery decks and liquids on them regularly cause folks aboard Defendant's ships to be injured in slip and falls.

8. Defendant knows slip and falls are one of the leading causes of passenger injuries on its ships.

9. Defendant created rules and regulations applicable to slipping hazards and that further shows it knew about the frequency of slipping hazards on its ships and the dangers posed by the decks on its ships.

**Plaintiff's Incident**

10. Defendant owned, operated, possessed, and/or controlled the *Carnival Breeze* (the ship).

11. Plaintiff and her husband were passengers (ticketed invitees) lawfully aboard the ship for a multi-day cruise in May of 2018.

12. The cruise traveled between at least one domestic port (Galveston, TX) and one foreign port (Nassau, Bahamas).

13. On or about May 30, 2018 at about 7:15 pm, Plaintiff and her husband were walking to a dining area on deck ten of the ship when she slipped and fell in liquid on the deck.

14. The liquid made the deck unreasonably slippery.

15. Plaintiff recalls the area where she slipped and fell had a hard walking surface that looked like dark tile.

16. Plaintiff didn't notice the liquid on the deck before she slipped and fell because it blended in with the floor.

17. The area where Plaintiff slipped and fell was not blocked off so Plaintiff believed the area was safe.

18. The area where Plaintiff slipped and fell was an area where folks regularly carried food and drinks through.

19. Defendant knows that areas where food and drinks are present pose an increased risk of slip and falls to people aboard its ships.

20. Defendant's knowledge about the slipping hazard that injured Plaintiff was superior to Plaintiff's knowledge.

21. After the Plaintiff slipped and fell, she noticed that she had slipped and fallen near a door that had the bottom of it cut so that a space existed between the bottom of the door and the deck.

22. There was also a drain in the deck where the threshold would normally be.

23. The modification to the bottom of the door and the appearance of the drain looked like they were changes that were made by Carnival after the ship was put into service because they looked a bit amateurish.

24. The door appeared to be to a room used by the ship's crew for cleaning activities.

25. Water was coming from that room to the area where the Plaintiff slipped and fell.

26. When Plaintiff landed on the deck, her pants got wet from the liquid on the floor.

27. When Plaintiff landed on the deck, she broke her right wrist which is her dominant hand.

28. The injury required, among other things, an open reduction and internal fixation of her broken right wrist.

29. Defendant was actively involved in the design and selection of the decking of the ship.

30. Defendant inspected, accepted, and approved the ship (and her decking where Plaintiff was injured) before she was placed into service and after she was placed into service.

31. Defendant regularly inspected and cleaned the deck where Plaintiff slipped and fell.

32. Defendant knew or should have known of the deck was not reasonably slip-resistant.

33. Defendant knew or should have known the area where Plaintiff slipped and fell posed an increased risk for slip and falls and should have maintained the area better than it did.

### **Count 1 – Negligence**

34. Plaintiff incorporates paragraphs 1-33.

35. Defendant owed Plaintiff a duty to act reasonably under the circumstances with regard to her safety. Included in that duty were the obligations to inspect, operate, and maintain the ship, and to warn Plaintiff of any hidden dangers like the slipping hazard on the ship.

36. Defendant breached its duty in these non-exclusive ways:

    a. Allowing a slipping hazard to be on the floor where it injured Plaintiff;

    b. Failing to inspect properly the area where Plaintiff slipped and fell;

    c. Failing to maintain properly the area where Plaintiff slipped and fell;

    d. Failing to provide a reasonably safe walking surface for Plaintiff;

    e. Failing to change the deck covering to something that was more slip resistant when wet;

    f. Making modifications to the door and threshold (drain) that increased the danger of the area where the Plaintiff slipped and fell;

    g. Failing to warn Plaintiff of the slipping hazard and dangerous area;

    h. Failing to cordon off the area with the liquid;

    i. Failing to train and supervise its crew on proper deck safety;

    j. Failing to respond properly to prior slip and falls and improve the safety of the deck;

    k.    Failing to respond properly to prior slip and falls and improve the safety of its deck safety program;

    l.    Engaging in a negligent mode of operation that allowed the foregoing to occur (collectively "the dangerous conditions").

37. The dangerous conditions created a foreseeable zone of risk to Plaintiff.

38. Defendant knew about the dangerous conditions or they existed long enough that Defendant should have discovered them in exercising reasonable care under the circumstances, or Defendant created the dangerous conditions.

39. The dangerous conditions occurred with such frequency that Defendant was on notice of them.

40. Defendant's breach directly and proximately caused Plaintiff permanent bodily injury, pain, suffering, mental anguish, disability, disfigurement, aggravation of a pre-existing condition, loss of capacity for the enjoyment of life, injury-related expenses, the loss of the pleasure of the complete cruise and asks for a full refund of the value of the cruise and all money spent on the cruise, and all other damages allowed by law.

Wherefore, Plaintiff asks for:

    a.    Judgment for damages in an amount proven at trial;

    b.    Cost of suit;

    c.    Prejudgment interest where applicable; and

    d.    Jury trial.

LAWLOR WHITE & MURPHEY, LLP
**Counsel for Plaintiff**
2211 Davie Blvd.
Ft. Lauderdale, FL  33312
954-525-2345
954-730-8908 fax
bmurphey@lwmlegal.com
beller@lwmlegal.com
pleadings@lwmlegal.com

By:  /s/ Ben Murphey, Esq. (25489)